**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No 18 B 12814 |
| | Judge Thorne |
| Zina Ordell Smart, | |
| | Chapter 13 |
| Debtor. | |
| | Trustee- Marilyn Marshall |

NOTICE OF MOTION

**TO:**   See attached service list

**PLEASE TAKE NOTICE** that on Wednesday, May 9, 2018, at 9:30 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Deborah L. Thorne, Bankruptcy Judge, or any other judge sitting in her stead, in Room 613, the courtroom usually occupied by him, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois and then and there present Debtor's MOTION TO COMPEL TURNOVER OF VEHICLE, a copy of which is attached hereto, at which time and place you may appear if you see fit.

　　　　　　　　　　　　　　　　　　　　　 */s/ James A. Brady*
　　　　　　　　　　　　　　　　　　　　　James A. Brady

James A. Brady
Attorney for Debtor
ARDC# 6206623
LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle Street, Suite 900
Chicago, IL 60603
Phone: 312-347-8361

# **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing Notice and the attached Motion or Documents, by mailing a copy to the person(s) listed above on May 2, 2018, except as to the persons indicated by an asterisk (*), who are registrants with the Court's CM/ECF system and who have, pursuant to Fed. R. Bankr. P. 7005 and 9036, and §II.B.4 of the Court's Administrative Procedures waived the right to receive notice by first class mail and consented to receive notice electronically, and waived the right to service by personal service or first class mail and consented to receive electronic service.

                              */s/ James A. Brady*
                              James A. Brady

| *Via Electronic Service* | |
|---|---|
| Marilyn Marshall, Chapter 13 Trustee* | Patrick, Layng, US Trustee* |
| *Via First Class Mail* <br><br> City of Chicago, Department of Law <br> 121 N. LaSalle St., Ste. 600 <br> Chicago, Illinois 60602 <br><br> Anna M. Valencia <br> Clerk of the City of Chicago <br> 121 N. LaSalle St., Rm. 107 <br> Chicago, Illinois 60602 <br><br> David Holtkamp <br> Assistant Corporation Counsel Supervisor <br> City of Chicago, Department of Law <br> 121 N. LaSalle St., Ste. 400 <br> Chicago, Illinois 60602 <br><br> Department of Finance <br> c/o Arnold Scott Harris <br> 111 W. Jackson, Ste. 600 <br> Chicago, IL 60604 | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No 18 B 12814 |
| | Judge Thorne |
| Zina Ordell Smart, | Chapter 13 |
| Debtor. | Trustee- Marilyn Marshall |

DEBTOR'S MOTION TO COMPEL TURNOVER OF VEHICLE

Debtor, Zina Ordell Smart, through her counsel, James A. Brady, LAF, hereby moves the Court for entry of an Order requiring the City of Chicago ("City"), to turn over and release Debtor's automobile, a 2003 Oldsmobile Alero, VIN 1G3NL12F63C275346 ("the vehicle") currently in its possession pursuant to 11 USC Section 362. In support of this motion, Debtor states as follows:

1. On May 1, 2018 Debtor filed a petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction pursuant to 11 USC Section 362.

3. Prior to the Debtor filing this case, the City of Chicago seized the vehicle.

4. The Debtor properly scheduled a debt owed to the City of Chicago for parking tickets, storage and repossession costs in her bankruptcy Schedules. *See* Doc #1, p. 17.

5. Debtor has valued the vehicle as worth $1,000. *See* Doc. #1, p.10.

6. The City has filed a secured claim in the amount of $3,769.40. *See* Claim #1.

7. Debtor has been advised that the City's position regarding this issue is as follows: the City argues that it has a possessory lien on the Debtor's car and

requires that its secured claim be paid in full in regular monthly payments over the life of the plan. The City has further advised that if the plan so provides, the City will release the debtor's vehicle upon plan confirmation.

8. Debtor has proposed to pay the City as a secured creditor up to the value of the vehicle, $1,000. *See* Doc. # 7.

9. The Seventh Circuit has held that, upon request of the debtor in bankruptcy, vehicles seized pre-bankruptcy must be returned to the debtor by operation of the automatic bankruptcy stay. *Thompson v. General Motors Acceptance Corp,* Thompson, 566 F.3d 699, 707–08 (7th Cir. 2009).

10. The benefit to plaintiff of immediate possession of the vehicle is greater than the harm to defendant that would result from an order requiring defendant to turn over the vehicle forthwith.

11. Requiring immediate turnover of the vehicle, pursuant to 11 U.S.C. § 542, would further the policies of the Bankruptcy Code, and would not otherwise be against the public interest.

WHEREFORE, debtor prays that the Court:

a. enter an order requiring defendant, the City of Chicago, to turn over the vehicle to Debtor, forthwith;

b. grant such other, further and different relief as may be just and proper.

                    Respectfully submitted,
                    /s/ *James A. Brady*
                    One of the Attorneys for Debtor-plaintiff

James A. Brady, ARDC # 6206623
LAF
Attorney for Debtor
120 S. LaSalle Street, Suite 900
Chicago, Illinois 60603
(312) 347-8361
jbrady@lafchicago.org